

**NUMBER 13-08-00217-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**JORGE LUIS MURILLO,**                                                      **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                      **Appellee.**

---

**On appeal from the 138th District Court
of Cameron County, Texas.**

---

**MEMORANDUM OPINION**

**Before Justices Yañez, Garza, and Vela
Memorandum Opinion by Justice Garza**

On October 24, 2007, appellant, Jorge Luis Murillo, was indicted by a Cameron

County grand jury for possession of less than 2,000 pounds, but more than fifty pounds,

of marihuana, a second-degree felony.[1]   *See* TEX. HEALTH & SAFETY CODE ANN. §

---

[1] The punishment range for a second-degree felony is "not more than 20 years or less than 2 years." TEX. PENAL CODE ANN. § 12.33(a) (Vernon 2003).

481.121(a), (b)(5) (Vernon 2003).  On February 19, 2008, Murillo entered into a "cold plea" with the State whereby Murillo agreed to plead guilty to the offense without a sentencing recommendation from the State.  The trial court accepted Murillo's guilty plea and sentenced him to two years' imprisonment in the Texas Department of Criminal Justice-Institutional Division with no fine.  On March 28, 2008, the trial court noted that this was not a plea bargain case and certified Murillo's right to appeal.  This appeal ensued.

## I. COMPLIANCE WITH *ANDERS V. CALIFORNIA*

Pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), Murillo's appellate counsel has filed a brief stating that, based on his review of the record, "[t]his is a frivolous appeal and no issues are presented for the Court's review."  Counsel's brief meets the requirements of *Anders*, as it presents a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced on appeal.  *See Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978), counsel has carefully discussed why, under controlling authority, there are no errors in the trial court's judgment.  Counsel has informed this Court that he has:  (1) examined the record and found no arguable grounds to advance on appeal, (2) served a copy of the brief on appellant, and (3) informed appellant of his right to review the record and to file a pro se brief.  *See Anders,* 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3.  More than thirty days have passed, and appellant has not filed a pro se brief.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous.  *Penson v. Ohio*, 488 U.S.

2

75, 80 (1988). We have reviewed the entire record and counsel's brief and have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. Accordingly, we affirm the judgment of the trial court.

### III. MOTION TO WITHDRAW

In accordance with *Anders*, Murillo's attorney has asked this Court for permission to withdraw as counsel for appellant. *See Anders*, 386 U.S. at 744. We grant his motion to withdraw. We further order counsel to notify appellant of the disposition of this appeal and the availability of discretionary review. *See Ex parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997) (per curiam).

_____
DORI CONTRERAS GARZA,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).
Memorandum Opinion delivered and
filed this the 6th day of November, 2008.

3